## Case No. 11,755.

RICE v. TAYLOR.

[1 Bee, 386.] [1]

Admiralty Court, District of Pennsylvania. 1779.

PRIZE—RIGHT OF VESSEL IN SIGHT TO PARTICIPATE—POSSIBILITY OF JOINING BATTLE.

If at the time of a prize taken by a vessel of war, another armed vessel be in sight and in a possible condition to join in the battle, she will be allowed a share of the prize in proportion to her men and guns, but not if it be manifestly impossible for her to take any part in the battle.

The parties were commanders of privateers duly commissioned. Taylor engaged, and took a prize, Rice being in sight at the time of the capture. Whereupon Rice claimed a share of booty under the maritime law. On the trial it appeared, that although Rice was in sight at the time of the action, yet from the peculiarity of his situation, it was impossible he should have contributed to the capture by terrifying the enemy: and so the jury found a special verdict in these words: "That captain John Rice was in sight, and at the distance of five or six miles at the time of the said capture, mentioned, and so forth; but that he did not contribute to the said capture, or influence her surrender to the said captain Taylor. And if upon this finding, &c. &c." The fact was, that Rice lay within a bar, close upon the shore of New-Jersey, and saw Taylor engage a British vessel about five or six miles out at sea. There were also two British vessels of force between Rice and Taylor, at the time of the action. Rice, observing the battle, saw at last one of the vessels strike to the other, but could not clearly discern which had the victory: believing that Taylor had surrendered, he reported in Jersey that poor Taylor was taken at last. But he found a few days afterwards, that Taylor had been successful, and brought his prize safe into port. Whereupon he claimed a share of the booty under the general law respecting vessels in sight of a capture.

In the argument on the special verdict, the counsel for Rice rested his claim principally on Moll. de J. Mar. bk. 1, c. 2, § 20, urging that no testimony should be admitted against a presumption of law.

But the judge observed, that the presumption of law is founded on a material fact: to wit, that the vessel in sight be armed and prepared for battle, or at least in a possible condition to join in the battle. When this is the case, the law will presume that her presence terrified the enemy and influenced the surrender; and therefore, although she does not join in the engagement, allows her a share of the prize in proportion to her men and guns. But if a vessel in sight is aground on a shoal or bar, or is far to leeward, with disabled masts and rigging, or is so situated (as in the present case) that it is manifestly impossible for her to take any part in the battle, she cannot be considered as to be so prepared for battle as to bring her within the presumption of law. "When the reason of the law ceases, the law itself ought likewise to cease with it." 1 Bl. Comm. p. 61.

And so Rice's claim was dismissed.

There was an appeal from this decision, but the appeal was not prosecuted.